IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE GORDON PROPERTIES, LLC ) | A.P. No. 11-01020-RGM |
| Debtor. ) | Bankruptcy No. 09-18086-RGM |
| ) | |
| ) | |
| FIRST OWNERS ASSOCIATION OF ) | |
| FORTY SIX HUNDRED, ) | |
| Appellant, ) | |
| ) | |
| v. ) | Civil Action No. 1:11-cv-1060 |
| ) | |
| GORDON PROPERTIES, LLC ) | |
| Appellee. ) | |



FILED
OCT 12 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## ORDER

The matter came before the Court on appellant First Owners Association of Forty Six Hundred's (hereinafter "FOA") emergency motion to stay pending appeal (Doc. 3). FOA seeks an order staying the Order Regarding Complaint for Injunction entered on August 24, 2011 (hereinafter the "Injunction Order") by the U.S. Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (hereinafter the "Bankruptcy Court"). *See In re Gordon Properties, LLC, et. al.*, Case No. 09-18086-RGM, Adv. Pro. No. 11-01020-RGM (Bkrtcy.E.D.Va. Aug. 24, 2011) (Order).

A hearing on the present motion was held on Friday, October 7, 2011, at which time, the motion was taken under advisement and further briefing was ordered on the question of jurisdiction, which appellee Gordon Properties, LLC (hereinafter "Gordon Properties") disputed. Rather than awaiting a decision on jurisdiction or on FOA's emergency motion, and prior even to filing its brief on jurisdiction, on the same day as hearing, Gordon Properties filed an emergency motion in the Bankruptcy Court to certify the October 5, 2011 election results. If that motion is successful, it has become clear that Gordon Properties will take control of FOA and dismiss the

appeal, thus avoiding a decision on both the jurisdictional question and the emergency motion to stay pending appeal. In order to preserve FOA's ability to appeal, an order to stay pending appeal must be entered now. Although briefing has not been completed on the question of jurisdiction, jurisdiction appears proper at least pursuant to 28 U.S.C. § 158(c)(2) and 28 U.S.C. § 1292(a)(1).

In order to prevail on its motion, FOA must make a clear showing that (1) it is likely to succeed on the merits of the appeal, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of the equities tips in its favor, and (4) an injunction is in the public interest.[1] Each of these requirements is met.

First, FOA has established that is likely to succeed on the merits. The Injunction Order has several potentially fatal flaws, including (i) the Bankruptcy Court's determination that enforcement of the Bylaws provision that a delinquent owner is ineligible to vote is a violation of the automatic stay, (ii) the Bankruptcy Court's determination that postponement of the 2010 annual meeting was a pretext to prevent Gordon Properties from voting, and (iii) the Bankruptcy Court's requirement that FOA schedule and conduct its 2011 annual meeting according to

---

[1] The standard for granting a stay pending appeal is the same as that for granting a preliminary injunction. *See Continental Securities Corp. v. Shenandoah Nursing Home Partnership*, 188 B.R. 205 (W.D.Va. 1995). The Supreme Court recently rearticulated the standard for granting a preliminary injunction. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). The Fourth Circuit stated that the *Winter* standard differs from the standard previously applied, but the Fourth Circuit has not indicated whether the new standard should apply to a motion for stay pending appeal. *See Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346-7 (4th Cir. 2009). In *Real Truth About Obama, Inc.*, the Fourth Circuit stated, under the *Winter* standard and unlike the previous standard, that the plaintiff must make a clear showing that it will likely succeed on the merits at trial and that it will likely be irreparably harmed absent preliminary relief, that the public interest requirement should be given particular attention, and that each of the four requirements must be met. *See Real Truth About Obama, Inc.*, 575 F.3d. at 346-7. In this matter, the stricter *Winter* standard will be applied, but under either test, the motion would necessarily be granted.

meeting procedures, including quorum requirements, that may have altered the Bylaws in ways that relate to delinquent owners who are not debtors in bankruptcy.

Second, FOA has established that it is likely to suffer irreparable harm in the absence of preliminary relief. It has become clear that, if no stay is entered and the election results are certified, Gordon Properties will abandon this appeal, and FOA would be permanently denied its right for appellate review of the Bankruptcy Court's injunction.

Third, the balance of equities favors FOA. The harm suffered by FOA, namely a permanent loss of its ability to appeal the Bankruptcy Court's Injunction Order, is far greater than any harm potentially suffered by Gordon Properties by way of a delay in seating the new Board. A stay would properly permit an appeal by maintaining the status quo.

Fourth, the public interest is best served by a stay pending the appeal. The membership of the association is entitled to have the Bankruptcy Court's injunction addressed on appeal, and there is no harm to the public in maintaining the status quo by preserving the previously elected Board while the appeal is pending.

Accordingly, for good cause,

It is hereby **ORDERED** that appellant's emergency motion to stay pending appeal (Doc. 3) is **GRANTED**. The Injunction Order is stayed insofar as the results of the October 7, 2011 election will be held in abeyance pending resolution of this appeal and should not be certified.

It is further **ORDERED** that a status conference is **SCHEDULED** on this matter for 10:00 a.m., Friday, October 28, 2011.

The Clerk is directed to send a copy of this Order to all counsel of record and the Bankruptcy Court.

Alexandria, Virginia
October 12, 2011

/s/
T. S. Ellis, III
United States District Judge