IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FIRST OWNERS' ASSOCIATION OF ) 
FORTY SIX HUNDRED, )
    Appellant, )
 )
    v. )        Case No. 1:11-cv-1060
 )
GORDON PROPERTIES, LLC, )
    Appellee. )

## MEMORANDUM OPINION

Appellee in this bankruptcy appeal seeks dismissal of the appeal, arguing that the order being appealed is interlocutory and that appellant neither requested nor obtained leave of court for an interlocutory appeal. Appellant contends in response that the order being appealed is a final order, or in the alternative, that leave should be granted for an interlocutory appeal.

For the reasons that follow, appellee's motion to dismiss must be denied.

## I.

The Forty Six Hundred Condominium ("Forty Six Hundred") is a mixed-use condominium located at 4600 Duke Street in Alexandria, Virginia and comprised of more than 400 residential and commercial units. It consists of a main high-rise apartment building, with both residential and commercial units, and two commercial units – a restaurant and a gas station – that are adjacent to the high-rise building.

Appellant First Owners' Association of Forty Six Hundred, Inc. ("FOA") is a Virginia non-stock corporation formed to oversee the management of Forty Six Hundred as the unit owners' association. Every person, group of persons, corporation, trust or other legal entity, or any combination thereof, that owns a condominium at Forty Six Hundred is a member of FOA.

-1-

FOA is governed by a seven-person Board of Directors (the "Board"), each of whom is elected by members of FOA at annual meetings for two-year terms, with three or four seats expiring each year. Every member of FOA is required to pay an annual assessment, representing the member's proportionate share of FOA's common expenses. Appellee Gordon Properties is a Virginia limited liability company that owns approximately 38 units in Forty Six Hundred, including the adjacent restaurant unit, and thus is a paying member of FOA.

Animosity and litigation characterize the relationship between FOA and Gordon Properties, notwithstanding that Gordon Properties is a member of FOA and controls approximately twenty percent of the vote within FOA. This long-running feud dates back until at least 2006, when FOA terminated Condominium Services, Inc. ("CSI"), a wholly owned subsidiary of Gordon Properties, as FOA's managing agent. The termination resulted in litigation, and ultimately, FOA obtained a judgment against CSI for $91,125 in compensatory damages and $275,000 in punitive damages for CSI's breach of the management agreement and conversion, which was affirmed by the Supreme Court of Virginia. *See Condominium Services, Inc. v. First Owners' Ass'n of Forty Six Hundred Condominium, Inc.*, 281 Va. 561 (2011).

Also following the termination of CSI, FOA determined that the condominium assessment for the restaurant unit owned by Gordon Properties had been improperly calculated. As a result, FOA levied a significant increased assessment against Gordon Properties with respect to the restaurant. Thereafter, litigation concerning the increased assessment ensued in state court, and once again, FOA prevailed. With the exception of this disputed assessment, Gordon Properties has paid all other fees owed to FOA. Importantly, because Gordon Properties

-2-

still has not paid the disputed assessment for the restaurant unit, FOA's Bylaws prohibit Gordon Properties from either voting or being elected to the Board.[1]

On October 2, 2009, Gordon Properties commenced a Chapter 11 proceeding in the U.S. Bankruptcy Court of the Eastern District of Virginia. On the same day that it filed its bankruptcy petition, Gordon Properties also initiated an adversary proceeding in which it alleged that FOA, by prohibiting Gordon Properties from voting, violated the automatic stay, which prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). Accordingly, Gordon Properties sought a preliminary injunction requiring FOA to permit it to vote at the next annual meeting, scheduled for October 7, 2009. The bankruptcy court declined to issue a preliminary injunction prior to the October 7, 2009 meeting, citing the lack of time and opportunity for the parties to prepare argument or develop a factual record. But the bankruptcy court specifically noted that this ruling was without prejudice to Gordon Properties seeking similar relief at a later date.

At the October 7, 2009 meeting, it was determined that no quorum was achieved, and the meeting was adjourned *sine die*. Subsequently, Gordon Properties filed an amended complaint in the adversary proceeding, alleging that it was denied the right to vote at the October 7, 2009 annual meeting and seeking a preliminary injunction requiring FOA to reconvene the meeting and to permit Gordon Properties to vote at the reconvened meeting. In a memorandum opinion issued on June 2, 2010, the bankruptcy court found as a matter of law that enforcement of the Bylaws' provision preventing Gordon Properties from voting violated the automatic stay. *See In*

---

[1] Article IV, Section 7 of the Bylaws provides: "No member shall be eligible to vote, either in person or by proxy, or to be elected to the Board of Directors who is shown on the books or management account of the Owners' Association to be more than thirty (30) days delinquent in any payment due the Owners' Association."

*re Gordon Properties, LLC*, 435 B.R. 326, 330-333 (Bkrtcy. E.D. Va. 2010). In addition, after hearing testimony by members at the annual meeting, the bankruptcy court found that certain members, including at least three members of the Board and the chair of the elections committee, did not register for the annual meeting with the intention of avoiding a quorum, even though they were present at the meeting. Furthermore, the bankruptcy court found that FOA not only denied Gordon Properties its right to vote against adjournment *sine die* at the meeting, but also denied other members, who voted against adjournment *sine die* and sought to have the meeting adjourned only temporarily, of their right to vote. *Id.* at 333-342. In fact, the bankruptcy court determined that even if Gordon Properties' votes were not counted, the votes of two other members, who voted their proxies against the motion to adjourn *sine die*, would have constituted a clear majority against the motion had they been counted. *Id.* at 340. Thus, the bankruptcy court concluded that by improperly avoiding a quorum and pushing through an adjournment *sine die*, members of the Board preserved their positions for at least another year. Despite these abuses, the bankruptcy court denied Gordon Properties' request for injunctive relief, holding that because Gordon Properties was not singled out for mistreatment, FOA's actions were not intended to collect a pre-petition debt and thus did not violate the automatic stay. *Id.* at 343. FOA appealed this determination, but both the district court and the Fourth Circuit dismissed the appeal because FOA was the prevailing party. *See In re Gordon Properties, LLC*, No. 10cv872 (E.D. Va. Aug. 27, 2010) (Order) (Doc. 16); *In re Gordon Properties, LLC*, 433 Fed.Appx. 173 (4th Cir. 2011) (per curium) (unpublished).

The conclusion of the adversary proceeding did not end the parties' feud or the litigation. Instead, on November 19, 2010, FOA filed a motion to dismiss the Chapter 11 proceeding, arguing that Gordon Properties was solvent when it filed its Chapter 11 petition, and that Gordon

Properties' sole and improper purpose in filing for bankruptcy was to circumvent FOA's Bylaws that prohibit it from voting, gain control of the Board, and rescind the condominium assessments which it disputes.[2]   After holding an evidentiary hearing on FOA's motion to dismiss, the bankruptcy court denied the motion, finding that the record evidence did not demonstrate either of the requirements necessary for dismissal, namely objective futility or subjective bad faith. FOA sought leave to appeal the bankruptcy court's interlocutory order, which was denied. *See In re Gordon Properties, LLC,* No. 11cv255 (E.D. Va. April 15, 2011) (Order) (Doc. 5).

Then, on January 9, 2011, Gordon Properties commenced yet another adversary proceeding against FOA, this one alleging that FOA willfully violated the automatic stay by continuing to deny it the right to vote.[3]   Gordon Properties sought injunctive relief and compensatory and punitive damages for the alleged violation.   Subsequently, the bankruptcy court bifurcated the matter, and scheduled a trial on liability to commence on July 25, 2011, and a trial on damages to commence on October 26, 2011.[4]   Approximately one month after the trial on liability, on August 24, 2011, the bankruptcy court entered an order – titled "Order Regarding Complaint for Injunction" (the "Injunction Order") – and an accompanying memorandum opinion. *See In re Gordon Properties, LLC,* 460 B.R. 681 (Bkrtcy. E.D. Va. 2011).   The

---

[2] In its motion, FOA argued that Gordon Properties was not only solvent when it filed for bankruptcy, but its assets exceed its liabilities by approximately $10 million. FOA further stated that there was no need for reorganization as Gordon Properties could easily liquidate less than ten percent of its assets and fully pay its small number of creditors. FOA pointed out the only two creditors had filed claims: (i) FOA, in the amount of $315,000, and (ii) Gordon Properties' former counsel, in the amount of $235,000.  In addition, it is worth noting that as of the commencement of this appeal, no plan for reorganization had been filed.

[3] The complaint included four counts: (I) violation of the automatic stay, 11 U.S.C. § 362, (II) corporate election fraud, (III) failure to hold annual meetings, and (IV) breach of fiduciary duty. By Order dated May 23, 2011, the bankruptcy court dismissed Counts II, III, and IV.

[4] The trial on damages was postponed and has yet to occur.

bankruptcy court ruled that FOA had willfully violated the automatic stay and that Gordon Properties' request for injunctive relief should be granted. Specifically, the bankruptcy court ordered FOA to hold an annual meeting and it further ordered that Gordon Properties must be permitted to vote and to offer candidates to run for positions on the Board at the meeting. The Injunction Order also incorporated detailed meeting procedures that FOA was ordered to comply with, even if these procedures were or might be inconsistent with FOA's Bylaws. The bankruptcy court also ordered FOA to pay $100,000 as a sanction, with FOA to have the opportunity to purge its contempt and seek a reduction of this sanction, in whole or in part, if it complied with the Injunction Order. FOA promptly noticed an appeal of the Injunction Order, but also held its annual meeting on October 5, 2011, as ordered. At the meeting, Gordon Properties voted and ran a slate of candidates for positions on the Board. The results of the election are in dispute and remain unclear, as both parties contest the validity of the other's proxies, and there are allegations of election fraud against Gordon Properties. The bankruptcy court had appointed an election administrator to oversee the election, and the election administrator has submitted multiple reports with respect to these disputes to the bankruptcy court. A trial on the disputed election issues was held in the bankruptcy court on February 27, 2012. There has been no final determination yet as to the election results.

## II.

The first issue that must be resolved is whether the Injunction Order – the order being appealed by FOA – is final or interlocutory. If the Injunction Order is a final order, then it may be appealed as of right to the district court, but if it is interlocutory, then it may only be appealed with leave of court. *See* 28 U.S.C. § 158(a). In the bankruptcy context, the concept of finality "has traditionally been applied 'in a more pragmatic and less technical way... than in other

situations.'" *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986) (*quoting In Re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir. 1985)). Accordingly, an order in a bankruptcy case is considered final and, as a result, immediately appealable, if it finally disposes of a discrete dispute within the larger case. *See In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (*quoting In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)). In this respect, each adversary proceeding is considered a discrete dispute, and thus, finality in an adversary proceeding is typically contingent upon a proceeding coming to a close. *See* 9E Am. Jur. 2d Bankruptcy § 3782. In fact, it is appropriate to apply the same concepts of finality to an adversary proceeding as are applied in a non-bankruptcy civil matter. *See* Collier on Bankruptcy ¶ 5.08[1][b] ("In general, then, the courts should have a relatively easy time determining finality in bankruptcy so long as they recognize that each adversary proceeding or contested matter is a discrete unit and that, once that unit is defined, ordinary concepts of finality apply.").

FOA argues that although the Injunction Order did not conclude the adversary proceeding, it should be considered final because it resolved the merits of Gordon Properties' request for an injunction. FOA is correct that some orders granting injunctions in adversary proceedings may be considered final and immediately appealable in certain circumstances, even though the adversary proceeding is not concluded.[5] Yet, this is not true for all bankruptcy court injunctions issued in adversary proceedings; unlike district court injunctions, which are immediately appealable pursuant to 28 U.S.C. § 1292(a), "[t]here is no provision for appeal as of right from an injunction order of a bankruptcy judge to the district court, although some injunction orders may come to be appealable as final decisions." 16 C. Wright, A. Miller, & E.

---

[5] *See, e.g., Matter of Gould*, 977 F.2d 1038, 1041 (7th Cir. 1992) ("[A]n order is considered 'final' for purposes of 28 U.S.C. § 158(d) when it 'finally determines' one creditor's position, even though there is continuing action in the adversary proceeding.").

Cooper, Federal Practice and Procedure § 3926.1. To determine whether a bankruptcy court injunction is final, the appropriate inquiry is whether the injunction conclusively and finally resolves a discrete dispute between the parties. In this matter – where the bankruptcy court found a violation of the automatic stay and issued an injunction but explicitly reserved a determination on compensatory and punitive damages – it cannot be said that a discrete dispute has been resolved. Indeed, it is well-established that where, as here, a court finds a violation of the automatic stay but does not determine damages, the dispute is not yet finally resolved.[6] Importantly, this principle applies even where a bankruptcy court orders a party to correct a violation of the automatic stay, but reserves a determination on damages. *See In re Morrell*, 880 F.2d 855, 856-857 (5th Cir. 1989) (bankruptcy court's order was not final where it found a bank in violation of the automatic stay and ordered it to turn over the debtor's funds, but withheld determination of damages). This is so because in the bankruptcy context, as in civil litigation generally, to resolve a discrete dispute, a court *"must completely resolve all of the issues pertaining to a discrete claim, **including issues as to proper relief**." See* Collier on Bankruptcy ¶ 5.08[1][b] (*quoting In re Integrated Res., Inc.*, 3 F.3d 49, 53 (2d Cir. 1993)) (italics in original,

---

[6] *See In re Atlas*, 210 F.3d 1305, 1308 (11th Cir. 2000) ("[I]n order to avoid piecemeal litigation, a bankruptcy court's order is not final for purposes of appellate jurisdiction where the bankruptcy court finds liability for violation of the automatic stay, but defers assessment of damages."); *In re Fugazy Express, Inc.*, 982 F.2d 769, 776 (2d Cir. 1992) (to be final, an order "must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief"); *In re Morrell*, 880 F.2d 855, 856-857 (5th Cir. 1989) ("Determinations of liability without an assessment of damages are as likely to cause duplicative litigation in bankruptcy as they are in civil litigation, and because bankruptcy litigants may appeal to district as well as to appellate courts, the waste of judicial resources is likely to be greater."); *In re Brown*, 803 F.2d 120, 121-123 (3d Cir. 1986) (bankruptcy court order was final where found violation of automatic stay and held that no damages should be awarded, but district court order remanding for determination of damages was not final because to be final, both liability and damages must be determined); *In re War Eagle Const. Co., Inc.*, 249 B.R. 686, 687-688 (S.D. W. Va. 2000) (order is not final where bankruptcy court finds violation of automatic stay but defers assessment of damages).

emphasis added).[7]  In this matter, because both compensatory and punitive damages and the

amount of the final sanction remain to be determined, there has been no final resolution of a

discrete dispute.[8]

   Although the cases cited by FOA involved injunctions that were considered final orders

because there were no further proceedings on their merits, those cases are distinguishable

because none addressed whether an injunction should be considered final where the injunction

and damages were both sought as remedies for a violation of the automatic stay, but a

determination on damages was reserved for a later trial.[9]  Where, as here, such circumstances

---

[7] While an order is final if only a determination of attorneys' fees remains, that is not applicable here, where both compensatory and punitive damages remain to be determined. *See In re Porto*, 645 F.3d 1294, 1298-1301 (11th Cir. 2011).

[8] Yet it is also true that the mere fact that the bankruptcy court has maintained jurisdiction to resolve disputes relating to the election does not defeat finality because in that respect, the bankruptcy court is providing relief necessary to effectuate the purposes of its injunction. *See U.S. v. Local 30, United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Ass'n*, 871 F.2d 401, 403 (3rd Cir. 1989) ("The fact that the district court retained jurisdiction in this case to provide such further relief as might be necessary to effectuate the permanent injunction does not deprive the district court's order of its finality under § 1291.").

[9] *See In re Excel Innovations, Inc.*, 502 F.3d 1086, 1092-1093 (9th Cir. 2007) (injunction staying arbitration proceeding between two non-debtors was final order because although labeled preliminary, no further proceedings on the injunction were contemplated); *In re Lomas Financial Corp.*, 932 F.2d 147, 150-151 (2d Cir. 1991) (preliminary injunction staying tort action against debtors' corporate officer as violation automatic stay was final order if bankruptcy court did not intend to hold further hearings); *Matter of Gould*, 977 F.2d 1038, 1041 (7th Cir. 1992) (order vacating sale and directing rebidding was final order because it "finally determine[d]" one creditor's position, even though court continued to oversee rebidding process); *In re Ionosphere Clubs, Inc.*, 139 B.R. 772, 778 (S.D.N.Y. 1992) (preliminary injunction was final order where no further proceedings were to be held on the merits of the injunction).  In addition, FOA's reliance on *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986) is misplaced.  There, the Fourth Circuit's discussion of the pragmatic approach to finality in bankruptcy proceedings related to the district court's order fixing the venue for certain cases, not to the district court's preliminary injunction, which was reviewable pursuant to § 1292(a), as it was an appeal from a district court to a court of appeals. *See In re Quigley Co., Inc.*, 323 B.R. 70, 75 n.4 (S.D.N.Y. 2005).

exist, an injunction cannot be considered final because it does not finally resolve the discrete dispute. Furthermore, although an order denying relief from the automatic stay is a final appealable order,[10] the Injunction Order is not that but rather it is an order finding a violation of the automatic stay without determining all remedies.

### III.

Because the Injunction Order is interlocutory, the next question to address is whether leave to appeal should be granted.[11] There is no appeal as of right from an interlocutory order, but an appeal may be permitted with leave of court in certain circumstances. *See* 28 U.S.C. § 158(a)(3). Although § 158(a)(3) offers no guidance as to when a district court should grant such leave, § 158(c)(2) provides that bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). As a result, in determining whether to grant leave for an interlocutory appeal, district courts have routinely looked by analogy to the standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals in non-bankruptcy cases. *See Atlantic Textile Group, Inc. v. Neal,* 191 B.R. 652, 653 (E.D. Va. 1996).

In addition, although with less frequency than they have looked to § 1292(b), district courts have also looked to § 1292(a) to determine whether a district court should hear an

---

[10] *See Grundy Nat'l Bank v. Tandem Mining Corp.*, 754 F.2d 1436, 1439 (4th Cir. 1985).

[11] In its reply brief, Gordon Properties acknowledges that an interlocutory appeal may be permitted, but states that it would oppose a request for interlocutory review if it were made. FOA had in fact made such a request in its opposition to Gordon Properties' motion to dismiss, asking for leave to appeal if the Injunction Order were deemed interlocutory. *See* Rule 8003(c), Fed.R.Bankr.P. (it is not necessary that a motion for leave to appeal be filed in order for such leave to be granted). Gordon Properties had ample notice and opportunity to respond to this request, but chose not to do so.

interlocutory appeal.[12]  Section 1292(a) provides for interlocutory appeals where a district court

grants, continues, modifies, refuses or dissolves an injunction.[13]  Application of § 1292(a) by

analogy to the bankruptcy context is appropriate because, "[a]s a policy matter, the rulings of a

non-Article III bankruptcy court should not be more insulated from appellate review than the

rulings of an Article III district court." *In re Reserve Production, Inc.*, 190 B.R. 287, 289-90

(E.D. Tex. 1995).  While some courts have held that there should be an appeal as of right with

respect to an injunction issued by a bankruptcy court,[14] other authority, and the plain language of

§ 158(a), persuasively suggest that all interlocutory orders, including injunctions, may only be

appealed with leave of court.[15]  Here, there is no need to decide whether FOA's appeal *must* be

---

[12] *See In re Professional Ins. Management*, 285 F.3d 268, 282 n. 16 (3rd Cir. 2002) ("In addition, we agree that the District Court, sitting as an appellate court, was authorized to hear the appeal from the Bankruptcy Court as an appealable injunctive order under 28 U.S.C. § 1292(a)[.]").  *See also Bartok v. DeAngelis*, No. 11-cv-03710, 2012 WL 664928, at *1 (D.N.J. Feb. 29, 2012); *Pheasant v. Zaremba*, 398 B.R. 583, 586 (N.D. Ohio 2008); *In re Midstate Mortg. Investors Group, LP*, No. 06-2581, 2006 WL 3308585, at *4 (D.N.J. Nov. 6, 2006); *Kontrabecki v. Oliner*, 318 B.R. 175, 180 (N.D. Cal. 2004); *In re Crysen/Montenay Energy Co.*, 240 B.R. 166, 176 (S.D.N.Y. 1999); *In re Reliance Acceptance Group, Inc.*, 235 B.R. 548, 553 (D. Del. 1999); *In re Reserve Production, Inc.*, 190 B.R. 287, 289-290 (E.D. Tex. 1995); *In re Ernst & Young, Inc.*, 135 B.R. 517, 521 (S.D. Ohio 1991); *In re Bertoli*, No. 86-4856, 1987 WL 8196, at *4 (D.N.J. March 18, 1987).  *But see In re Quigley Co., Inc.*, 323 B.R. 70, 77 (S.D.N.Y. 2005) (district courts in Second Circuit have applied § 1292(b) to all interlocutory orders, including preliminary injunctions, and Second Circuit has impliedly sanctioned this approach).

[13] In its reply brief, Gordon Properties argues that the injunction issued was a remedy to an injunction already in effect, *i.e.* the automatic stay.  Of course, that does not mean that the Injunction Order cannot be considered an injunction for purposes of § 1292(a).  *See* 8A C.J.S. Bankruptcy § 550 ("A violation of the automatic stay may also be remedied by injunction.").

[14] *See, e.g., In re Midstate Mortg. Investors Group, LP*, No. 06-2581, 2006 WL 3308585, at *4 (D.N.J. Nov. 6, 2006) ("Thus, where the orders entered in the bankruptcy court are in the form of injunctive relief, the district court, sitting as an appellate court, is authorized under § 1292(a) to hear the appeal without the need to resort to discretion to grant leave to appeal."). *See also In re Reliance Acceptance Group, Inc.*, 235 B.R. 548, 553 (D.Del. 1999); *In re Ernst & Young, Inc.*, 135 B.R. 517, 521 (S.D.Ohio 1991).

heard, because as a matter of discretion, it *should* be heard.  The injunction at issue – although technically not final since damages remain to be determined – does resolve the vast majority of the dispute between the parties.  It is also a mandatory injunction that compelled FOA to act in a manner that may result in the current Board being unseated.  For these reasons, it is appropriate to grant leave for an interlocutory appeal.

In the alternative, leave to appeal is also proper pursuant to 28 U.S.C. § 1292(b), the provision applied more commonly in the bankruptcy context.  Under § 1292(b), leave to file an interlocutory appeal should be granted only where (i) the order involves a controlling question of law, (ii) as to which there is substantial ground for difference of opinion, and (iii) immediate appeal would materially advance the termination of the litigation.  28 U.S.C. § 1292(b).  All three elements must be satisfied.  *See Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).  Furthermore, because § 1292(b) is contrary to the general rule that appeals may be had only after a final judgment, it should be used sparingly and its requirements strictly construed.  *See Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).  FOA identifies two pure questions of law that it contends meet the requirements of § 1292(b): (i) whether the bankruptcy court erred in holding that it is a violation of the automatic stay to enforce the Bylaw provision that prevents Gordon Properties from voting or being elected to the Board, and (ii) whether the bankruptcy court had the authority to grant an injunction that required FOA to hold an annual meeting according to meeting procedures that contravened its Bylaws.

---

[15] *See* 16 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3926.1 ("There is no provision for appeal as of right from an injunction order of a bankruptcy judge to the district court[.]"); *Bailey v. Connolly,* 361 Fed.Appx. 942, 950 n. 10 (10th Cir. 2010) ("Notably, § 1292(a)(1) does not encompass appeals as of right from such interlocutory orders when issued by bankruptcy judges, and there is no parallel provision in 28 U.S.C. § 158."); *In re Rood*, 426 B.R. 538, 548 (D.Md. 2010) (same).

The first question identified by FOA as warranting interlocutory review meets the requirements of § 1292(b).  First, it is controlling because a determination that the bankruptcy court erred would terminate the action.  *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) ("Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' ... it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action.").[16]  Although there is a related question of fact, namely whether FOA actually did enforce its bylaws and prohibit Gordon Properties from voting, that question need not be reached if the bankruptcy court erred with respect to the controlling question of law.  Second, there is a substantial ground for difference of opinion.  While this element is typically met where there is a difference of opinion between courts, where, as here, the question is one of first impression, the district court must analyze the arguments to determine whether there is "substantial ground" for dispute.  *See In re Flor*, 79 F.3d 281, 284 (2d. Cir. 1996).  In this respect, while the bankruptcy court's analysis has substantial force, FOA's arguments in opposition are not without force either and rise to the level necessary to create a substantial ground for difference of opinion on this question of first impression.  Finally, granting an interlocutory appeal would materially advance the ultimate termination of the litigation.  *See McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (interlocutory appeal would materially advance the ultimate termination of the litigation where it may avoid a trial or otherwise substantially shorten litigation).

---

[16] *See also* 16 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3930 ("There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment[.]"); *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 191 (4th Cir. 2011) (§ 1292(b) certification granted where reversal on controlling question would result in matter being terminated, even if opposite outcome would result in further proceedings); *Sonoco Products Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 368 (4th Cir. 2003) (same).

The second question identified by FOA as warranting interlocutory review – whether the bankruptcy erred in issuing the meeting procedures – does not meet the requirements of § 1292(b). FOA argues that in addition to requiring FOA, contrary to the Bylaws, to count Gordon Properties toward the quorum and to allow Gordon Properties to vote, the mandated meeting procedures also modified the Bylaws by requiring FOA to count all delinquent owners, including those not in bankruptcy, as present for the quorum and by requiring FOA specifically to encourage those owners to attend the meeting. With respect to the requirements concerning Gordon Properties, there is little doubt that if FOA's conduct was a violation of the automatic stay, then the bankruptcy court had the authority to enforce the stay *Cf. A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986) (discussing broad powers of bankruptcy court). The question of whether the bankruptcy court could mandate meeting procedures that contravene the Bylaws as applied to owners not in bankruptcy, while there may be substantial grounds for difference of opinion, is not a controlling question because other issues may render it moot or waived. Specifically, the parties dispute whether FOA objected to this aspect of the meeting procedures in the bankruptcy court. FOA asserts that it did object, while Gordon Properties and the bankruptcy court assert that it did not. This issue also may be rendered moot if, as Gordon Properties contends, the election administrator found that a quorum would have been achieved even if delinquent owners not in bankruptcy had not been counted.[17]

In sum, although the second question identified by FOA does not the meet requirements of § 1292(b), the first does. For that reason, and because the Injunction Order includes an injunction that resolves the vast majority of the dispute, it is appropriate to hear this interlocutory

---

[17] The bankruptcy court also asserts that the mandated meeting procedures do not conflict with the Bylaws.

-14-

appeal.[18]   Although FOA did not file a motion for leave to appeal, its timely notice of appeal is

sufficient.  *See* Rule 8003(c), Fed.R.Bankr.P.[19]

An appropriate Order will issue.

Alexandria, Virginia
April 26, 2012


/s/

T. S. Ellis, III
United States District Judge

_____

[18] FOA also argues that interlocutory review is appropriate under the collateral order doctrine, but this argument fails because the issues raised on appeal are not "completely separate from the merits of the action."  *In re Looney*, 823 F.2d 788, 791 (4th Cir. 1987).

[19] *See also In re Swann Ltd. Partnership*, 128 B.R. 138, 139-140 (D.Md. 1991) (timely notice of appeal may be treated as request for leave to appeal).